**Sean Burton MACGREGOR,**
**Plaintiff—Appellant,**

v.

**Jason COLLINS; et al., Defendants—Appellees.**

**No. 04–56254.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Dec. 19, 2005.

---

**1.** The IJ made no adverse credibility determination as to Welde's former neighbor.

Barrett S. Litt, Esq., Bryan Barnet Miller, Esq., Litt Estuar Harrison Miller & Kitson, LLP, Los Angeles, CA, for Plaintiff–Appellant.

David Frank Taglienti, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Before: RYMER and WARDLAW, Circuit Judges, and REED,* Senior District Judge.

## MEMORANDUM **

Sean Burton MacGregor appeals the district court's judgment on a jury verdict in favor of defendants and subsequent denial of a motion for new trial. We affirm.

None of the district court's evidentiary rulings constituted an abuse of discretion. First, the prior citizen complaints filed against Officer Collins were both irrelevant—because they did not concern violent behavior and thus would not have put Commander Madigan on notice of any violent propensities—and unduly prejudicial. Nothing in Madigan's testimony "opened the door" to introduction of the complaints as impeachment evidence. Second, the booking photograph admitted as Exhibit 225 was properly authenticated by Officer Green. Third, the fact that MacGregor was neither charged with nor convicted of a violation of California Penal Code § 148 was not relevant to MacGregor's claim of excessive force by Officer Collins. *See Smith v. City of Hemet,* 394 F.3d 689, 695–99 (9th Cir.2005) (en banc).

The district court also acted within its discretion in denying MacGregor's motion for a new trial. First, MacGregor presented no evidence nor sought to introduce any expert qualified to express an opinion that Exhibit 225 had been altered. Second, since there was no evidence that Exhibit 225 was altered, MacGregor's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

charge of attorney misconduct on that ground is meritless. Third, although the district court did not expressly rule on the charge of attorney misconduct on the ground of discovery violations, this charge was not raised until months after the original motion for a new trial was filed. In any event, the additional photos obtained by MacGregor after the trial were cumulative of the many photographs admitted into evidence. Finally, the district court conducted an exhaustive review of MacGregor's juror misconduct charge, and we are not firmly convinced that the magistrate judge's findings following three evidentiary hearings were wrong.

**AFFIRMED.**